IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JUSTICE I. ALLAH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:12cv191-TMH |
| | ) | (WO) |
| BRIAN RIORDAN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.   INTRODUCTION

On or around February 12, 2012, the petitioner, Justice I. Allah ("Allah"), filed this petition for habeas corpus relief under 28 U.S.C. § 2241, claiming that he was entitled to immediate release from pretrial custody because of alleged irregularities in his extradition from New Jersey to Alabama to face state charges on two counts of second-degree possession of a forged instrument and one count of third-degree theft by deception. Doc. No. 1 at 2-4. In addition to alleging irregularities in his extradition, Allah presented a cursory allegation of ineffective assistance of counsel and also contended that his right to a speedy trial had been violated because of the delay between his indictment and extradition. *See* Doc. No. 1 at 3; Doc. No. 8 at 3-4.

On April 16, 2012, while Allah's § 2241 petition was pending in this court, Allah pled

guilty to the three state charges and was sentenced to 81 months in prison, suspended to serve 12 months of incarceration followed by 18 months of probation.

## II.    DISCUSSION

The general grant of habeas authority in 28 U.S.C. § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment, for example, a defendant in pretrial detention. *See White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004); *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003). However, a petitioner's conviction moots a challenge to his pretrial detention, even if the petitioner is currently incarcerated under the conviction itself. *See Barker v. Estelle*, 913 F.2d 1433, 1440 (9th Cir. 1990); *see also Burnett v. Lampert*, 432 F.3d 996, 999-1001 (9th Cir. 2005). Given the limited focus of typical pretrial-custody petitions under § 2241, such petitions become moot upon the conviction of the petitioner. *See Williams v. Slater*, 317 F. App'x 723 (10th Cir. Jun. 20, 2008) (following *Thorne v. Warden, Brooklyn House of Det. for Men*, 479 F.2d 297, 299 (2d Cir. 1973), and *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988)); *see also Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993).

Here, Allah brought his habeas petition under § 2241 challenging his pretrial detention. However, while his § 2241 petition was pending, Allah pled guilty to and was convicted of the charges upon which his pretrial detention was based. Allah's pretrial incarceration ceased once he pled guilty and was convicted. *E.g., Barker*, 913 F.2d at 1440.

Therefore, his § 2241 habeas petition is moot.[1]

Allah was not in custody pursuant to the judgment of a state court at the time he filed his petition, the threshold requirement for seeking relief under 28 U.S.C. § 2254. Section 2254, not § 2241, provides the proper basis for a state prisoner's petition attacking the legality of his detention "pursuant to the judgment of a State court," which is where Allah finds himself now. However, it is a longstanding prerequisite to the filing of a § 2254 habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277-78. To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

The respondents note that Allah has only recently been convicted in the Circuit Court of Montgomery County, Alabama, and has yet to file even a direct appeal of his convictions. Clearly, then, Allah has not exhausted his claims by giving the state courts "one full

---

[1] If Allah's speedy trial claim is premised on a desire to be brought to trial, the claim is rendered moot by his guilty plea and conviction. If Allah is contending that his conviction should be set aside and the charges against him dismissed based on the violation of his right to a speedy trial, he must first pursue and exhaust this claim in the state courts before seeking relief under 28 U.S.C. § 2254. *See Jones v. Clark*, 2007 WL 2746651, at *2-3 (M.D. Ala. Sept. 19, 2007).

opportunity to resolve any constitutional issues by invoking one complete round of [Alabama's] established appellate review process." In part because Allah's claims are unexhausted, this court eschews any option of recasting his § 2241 petition as a § 2254 petition. Once Allah has exhausted his state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief under 28 U.S.C. § 2254 which may be presented.[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Allah be DISMISSED as moot because, with respect to the pretrial detention challenged, Allah has already been convicted by guilty plea and been sentenced. It is further

ORDERED that on or before **June 18, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[2] Allah is advised that to the extent he might wish to challenge his conviction and sentence based on his allegedly illegal extradition from New Jersey to Alabama, such a claim cannot be pursued in a habeas petition. Illegal extradition does not deprive the receiving state of jurisdiction, nor does it deprive a defendant of due process in the receiving state. *See Remeta v. Singletary*, 85 F.3d 513, 518–19 (11th Cir. 1996) (asylum state's failure to provide pre-extradition hearing does not deprive receiving state of jurisdiction); *Eckert v. Tansy*, 936 F.2d 444, 450 (9th Cir. 1991) (defendant "cannot be granted habeas relief on the ground of illegal extradition"); *Shack v. Attorney General*, 776 F.2d 1170, 1172 (3d Cir. 1985) (defects in the extradition process do not justify collateral attack on conviction in receiving state).

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 4th day of June, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE